1
2
3
4

Kira M. Rubel (SBN 253970)
LAW OFFICES OF KIRA M. RUBEL
555 West Beech Street, Suite 230
San Diego, CA 92101
krubel@kmrlawfirm.com
Phone: 877-749−3838

5
6
7
8

Scott D. Owens
(pending admission *pro hac vice*)
SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale Beach, FL 33009
scott@scottdowens.com
Phone: 954-589-0588

9

*Attorneys for Plaintiff*

10

UNITED STATES DISTRICT COURT

11

SOUTHERN DISTRICT OF CALIFORNIA

12
13

CHRISTOPHER LEGG, on behalf of himself
and other similarly situated individuals,

14

            Plaintiff,

15

v.

16
17

E-Z RENT A CAR, INC,
a Florida corporation d/b/a in California as
FLORIDA E-Z RENT A CAR, INC.

18
19

            Defendant.

20
21
22
23
24
25
26
27
28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   **'14CV1124 WQHBGS**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES
ARISING FROM VIOLATION OF
THE FACTA AMENDMENT TO THE
FAIR CREDIT REPORTING ACT
("FCRA"),
15 U.S.C. § 1681, ET SEQ.**

***DEMAND FOR JURY TRIAL***

- 1 -

CLASS ACTION COMPLAINT

Plaintiff Christopher Legg ("Plaintiff"), on behalf of himself and other similarly situated individuals, alleges the following, in relevant part, upon information and belief and his own personal knowledge.

## I.   NATURE OF THE CASE

1.     This class action complaint is based upon Defendant's violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq., as amended* (the "FCRA"). Specifically, this action is based upon Section 1681c(g) of the FCRA which states that, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

2.     Despite the clear language of the statute, Defendant chose not to comply with the FCRA. As such, all consumers who purchase goods and services from Defendant using a credit or debit card suffered violations of Section 1681c(g), have been uniformly burdened with an elevated risk of identity theft, and are entitled to an award of statutory damages.

## II.   JURISDICTION AND VENUE

3.     This Court has jurisdiction under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337 because the claims in this action arise under violation of a federal statute.

4.     Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. §§ 1391(b)(c) and 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject them to personal jurisdiction.

///

///

CLASS ACTION COMPLAINT

### III.    *PARTIES*

5.    Plaintiff Christopher Legg ("Plaintiff") is a natural person, who resides in the State of Florida, County of Broward.

6.    Defendant, E-Z Rent A Car, Inc. ("Defendant"), is a Florida corporation whose principal office is located at 2003 McCoy Road, Orlando, Florida 32809, and whose registered agent for service of process in the State of California is at 6101 W. 98th Street, Los Angeles, California 90045.

7.    Since 1994, Defendant has been in the business of renting automobiles to consumers. It currently maintains rental locations in numerous airports both in and outside of the United States. Two such locations are in the State of California – San Diego International Airport (SAN) and Los Angeles International Airport (LAX). Defendant's San Diego business address is 2771 Kurtz Street, San Diego, California 92110.

### IV.    *FACTUAL ALLEGATIONS*

#### *A. Statutory Background*

8.    In 2003, FACTA was enacted by Congress, and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

9.    One such FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or bank account from a receipt provided to the consumer during a point-of-sale transaction, which, through any number of ways, could fall into the hands of someone other than the consumer.

10.    Codified at 15 U.S.C. § 1681c(g), this provision states the following:

> *"Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."*

- 3 -

CLASS ACTION COMPLAINT

(hereinafter, the "Receipt Provision").

11.     After enactment, FACTA provided three years in which to comply with its requirements, mandating full compliance with its provisions by no later than December 4, 2006.

12.     California has the third highest rate of identity theft complaints. The state had 122.7 complaints per 100,000 people, according to report by the Federal Trade Commission ("FTC."). California has been ranked 11th out of the 50 states for fraud complaints. Furthermore, identity theft has become a major problem in every state in the country. FACTA was a direct response to this rise in identity theft.

### B. *Plaintiff's Factual Allegations*

13.     On December 26, 2013, Plaintiff rented an automobile from one of Defendant's two California locations - Los Angeles International Airport. To pay for the rental, Plaintiff provided Defendant with his American Express credit card.   In return, Defendant gave Plaintiff an electronically printed receipt.    This receipt included the expiration date of Plaintiff's American Express card, in direct violation of the Receipt Provision of FACTA.

### C. *Defendant's Misdeeds*

14.     At all times relevant herein, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

15.     At all times relevant herein, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was in willful and/or reckless disregard for federal law and the rights of the Plaintiff.

16.     It is Defendant's policy and procedure to issue an electronically printed receipt to individuals at the point of sale – i.e., immediately upon the completion of the initial rental transaction.

CLASS ACTION COMPLAINT

17.     Consistent with Defendant's policy and procedure, Defendant knowingly, intentionally, and/or with reckless disregard includes credit and debit card expiration dates on its electronically printed receipts. (The expiration dates are not printed accidentally. Upon information and belief, the equipment and software used to print the receipts must be programmed to display certain information, and likewise, programmed *not to display* certain information.)

18.     The FTC specifically alerted businesses about the truncation requirement by, first, inviting public comment on the proposed language of FACTA and, next, releasing public notifications of implementation of the law. Furthermore, credit card issuers (such as American Express) explicitly instructed merchants on the requirements of FACTA.

19.     Upon information and belief, Defendant has in its (exclusive) possession other documents which would tend to shed light on Defendant's willful disregard of FACTA, including but not limited to policies and procedures manual(s) regarding credit card transactions or internal privacy guidelines concerning (protected) consumer information. Defendant has gone to the extent to draft and publish a "privacy policy" on its website so as to alert consumers that "E-Z Rent-A-Car … recognize[s] the importance of your privacy as a car rental customer or affiliate."[1]

20.     Notwithstanding the fact that it has had years to comply, Defendant continues to issue receipts at point of sale transactions which contain the expiration date of credit or debit cards, in direct violation of the Receipt Provision of the FCRA.

21.     Defendant, as a self-described "major competitor" in the rental car industry[2], is no doubt aware that its chief competitors (i.e., Avis, Budget, Hertz) have been sued for their own failure to comply with FACTA. Still, Defendant chooses not to and/or recklessly fails to comply with the requirements of FACTA.

---

[1] Source: http://www.e-zrentacar.com/privacy (last visited on April 22, 2014).
[2] See ¶ 26, infra.

CLASS ACTION COMPLAINT

22. Notwithstanding the Receipt Provision, Defendant continues to deliberately, willfully, intentionally, and/or recklessly violate FACTA by issuing receipts which do not comply with the FCRA.

23. Notwithstanding the Receipt Provision and the fact that it had years to comply, Defendant continues to act in conscious disregard for the rights of others.

24. In sum, Defendant knowingly and intentionally violated the Receipt Provision of FACTA, in conscious or reckless disregard for the rights and privacy concerns of others, and in doing so, committed willful violation of the FACTA provision of the FCRA.

## V.   *CLASS ACTION ALLEGATIONS*

25. This action is also brought as a Class Action under Fed. R. Civ. P. 23. Plaintiff propose the following class, defined as follows, subject to modification by the Court as required:

> *(i) All persons in the United States (ii) who returned a rented automobile to one of the Defendant's locations in the State of California (SAN or LAX), (iii) who paid for said rental using a credit or debit card, (iv) and within the five (5) years prior to the filing of this complaint, (v) and were provided with a receipt of the rental transaction (vi) which displayed the expiration date of said credit or debit card.*

26. The named Plaintiff falls within the Class definition and is a member of the class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

### A.   *Certification Under Either Rule  23(b)(2) or (b)(3) is Proper.*

27. The members of the class are capable of being described without managerial or administrative problems. The members of the class are readily ascertainable from the information and records in the possession, custody or control of Defendant.

28.    Defendant touts itself as a "major competitor in the rental car industry on a national and worldwide level,"[3] and has locations in at least 18 international airports in the United States and Puerto Rico.[4]   Plaintiff states, upon information and belief, that Defendant rents to hundreds of consumers on a daily basis, at a minimum, from the two California locations.   Therefore, it is reasonable to conclude that the class is sufficiently numerous such that individual joinder of all members is impractical. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.   The Class can be identified through Defendant's records or Defendant's agents' records.

29.    There are common questions of law and fact which predominate over any questions affecting only the individual members of the classes. The wrongs alleged against Defendants are statutory in nature and common to each and every member of the respective classes.

30.    This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.   Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.   The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

a.    Whether, within the five years prior to the filing of this Complaint, Defendant and/or their agents accepted payment by credit or debit card from any consumer and subsequently gave that consumer a printed receipt upon which the expiration date of the card was printed;

b.    Whether Defendant's conduct was willful and reckless;

---

[3] Source: http://www.e-zrentacar.com/about (last visited on April 8, 2014).
[4] Source: http://www.e-zrentacar.com/locations#US (last visited on April 8, 2014).

CLASS ACTION COMPLAINT

c.   Whether Defendant is liable for damages, and the extent of statutory damages for each such violation; and

d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

32.   As a person that utilized Defendant's rental car services and received a receipt upon which the expiration date of his card was printed, Plaintiff is asserting claims that are typical of the proposed Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33.   The principal question is whether the Defendant violated section 1681c(g) of the FCRA by providing class members with electronically printed receipts in violation of the Receipt Provision. The secondary question is whether it is Defendant's policy and practice to provide such electronically printed receipts to all consumers that rent vehicles from it using a credit or debit card and whether this policy and practice constitutes willful noncompliance of the FCRA.

34.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law would be allowed to proceed without remedy and Defendant would undoubtedly continue such illegal conduct.  Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

35.   Defendant's defenses are and will be typical of and the same or identical for each of the members of the class and will be based on the same legal and factual theories. There are no unique defenses to any of the class members' claims.

36.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of

- 8 -
CLASS ACTION COMPLAINT

separate claims against Defendant is small because the maximum statutory damages in an individual action for a violation of the statute is minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### *COUNT I – VIOLATIONS OF 15 U.S.C. § 1681(c)(g)*

37.     Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

38.     15 U.S.C. §1681c(g) states as follows:

> *"Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."*

39.     This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. §1681c(g)(3).

40.     Defendant employs the use of said Devices for point of sale transactions at the various locations of Defendant.

41.     On or before the date on which this complaint was filed, Plaintiff and members of the Class were provided receipt(s) by Defendant that failed to comply with the Receipt Provision.

42.     At all times relevant to this action, Defendant was aware, or should have been aware, of both the Receipt Provision as well as the need to comply with said provision.

43.     Notwithstanding the three year period to prepare for FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; and the actions of Defendant's peers and competitors, Defendant knowingly, willfully, intentionally, and/or recklessly violated and continues to violate the FCRA and the Receipt Provision.

CLASS ACTION COMPLAINT

44.     As a result of Defendant's willful violations of the FCRA, Plaintiff and members of the Class continue to be exposed to an elevated risk of identity theft.  Defendant is liable to Plaintiff and members of the Class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees and costs.

WHEREFORE, Plaintiff Christopher Legg respectfully requests that this Court enter judgment in his favor and against Defendant E-Z Rent A Car, Inc. for:

a.   Statutory damages;

b.   Punitive damages;

c.   Attorneys' fees, litigation expenses and costs of suit; and

d.   Such other or further relief as the Court deems proper.

### *JURY DEMAND*

**Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.**

Dated: May 1, 2014.

Respectfully submitted,

**CHRISTOPHER LEGG**, on behalf of himself and other similarly situated individuals,

By: _____/s/  Kira M. Rubel_____
        Kira M. Rubel
        Attorney for Plaintiff CHRISTOPHER LEGG

Kira M. Rubel (SBN 253970)
LAW OFFICES OF KIRA M. RUBEL
555 West Beech Street, Suite 230
San Diego, CA 92101
krubel@kmrlawfirm.com
Phone: 877-749−3838

Scott D. Owens
(pending admission *pro hac vice*)
SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale Beach, FL 33009
Phone: 954-589-0588
Fax: 954-337-0666
Email: scott@scottdowens.com

*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT