# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEGG, on behalf of himself and similarly situated individuals,<br><br>Plaintiff,<br>vs.<br>E-Z Rent A Car, Inc., a Florida corporation d/b/a in California as FLORIDA E-Z RENT A CAR, INC.,<br><br>Defendants. | Civil No. 14cv1124-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Leave to Amend. (ECF No. 11).

**Background**

On May 1, 2014, Plaintiff, Christopher Legg ("Legg") filed a Complaint for Damages arising from violation of the Fair and Accurate Credit Transactions Act ("FACTA") Amendment to the Fair Debt Reporting Act ("FRCA"). (ECF No. 1). The Complaint states that "[o]n or before the date that this complaint was filed, Plaintiff and members of the Class were provided receipt(s) by Defendant that failed to comply with the [15 U.S.C. § 1681c(g)] ("Receipt Provision")." *Id*. at 9. The Complaint alleges that Defendant "knowingly, willfully, and/or recklessly violated and continues to violate the FCRA and Receipt Provision." *Id*. The Complaint states that "[a]s a result of

Defendant's willful violations of the FCRA, Plaintiff and members of the Class continue to be exposed to an elevated risk of identity theft." *Id*. at 10. The Complaint further states that "[d]efendant is liable to Plaintiff and members of the Class pursuant to 15 U.S.C. § 1681 for statutory damages, punitive damages, attorney's fees and costs." *Id*.

On June 9, 2014, this Court granted a Joint Motion to Extend Deadline for Defendant to File Responsive Pleadings. (ECF No. 8). Pursuant to the Order, E-Z Rent A CAR was to file a response to Legg's Complaint no later than July 16, 2014. *Id*.

On July 11, 2014, this Court granted a Joint Motion to Extend Deadline for Defendant to File Responsive Pleading. (ECF No. 10). Pursuant to the Order, E-Z RENT A CAR is to file a response to the Complaint no later than September 19, 2014. *Id*.

On August 11, 2014, Legg filed the Motion for Leave to Amend the Complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 11). Legg requested leave to amend his complaint to add "(1) a nationwide class allegations to the already existing claim made under the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq., as amended* (the "FCRA"); AND (2) an additional fact to the currently existing allegations against Defendant." (ECF No. 11 at 2).

On August 29, 2014, Defendant, E-Z Rent A Car, Inc. ("E-Z Rent A Car") filed a response to Legg's Notice of Motion and Motion for Leave to Amend the Complaint. (ECF No. 12).

**Contentions of Parties**

Legg contends that he has exhibited no bad faith nor undue delay, nor could he have at this early stage. (ECF No. 11 at 4). Legg further contends there will be no prejudice to Defendant because the proposed amendment is early in the litigation and Defendant's possible defenses are no different whether Legg alleges a statewide or nationwide class because the claims remain identical in substance. *Id*. at 5.

1  E-Z Rent A Car contends that the recently discovered information could have been discovered at the time Legg filed the original complaint because the information actually existed more than two years before the filing of the original complaint. (ECF No. 12. at 1). E-Z Rent A Car contends that the Plaintiff's amendment is an improper attempt to expand the class to include all potential new plaintiffs between May 1, 2014 and the date of the filing of the First Amended Complaint, while still maintaining all potential class members spanning back two years prior to the filing of the original Complaint. *Id*. at 2. E-Z Rent A Car further contends that the Plaintiff's decision to amend has derailed the attempts by the parties to mediate Plaintiff's claim and obviate the need for a protected court battle. *Id*.

### Motion for Leave to Amend

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion, the proposed first amended complaint, and the filings of the parties, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will

defer consideration of any challenge to the merits of the proposed first amended complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

IT IS HEREBY ORDERED that the Motion for Leave to Amend Complaint is GRANTED. (ECF No. 11). Plaintiff shall file the proposed first amended complaint attached to the motion within ten (10) days of the date of this Order.

DATED: September 26, 2014

**WILLIAM Q. HAYES**
United States District Judge