**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHRISTOPHER LEGG,

        Plaintiff,

v.                                  Case No:  6:14-cv-1716-Orl-40DAB

E-Z RENT A CAR, INC.,

        Defendant.
_____/

## FINAL APPROVAL ORDER

**WHEREAS,** on May 28, 2015, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class [ECF No. 64];

**WHEREAS,** pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS,** a Final Approval Hearing was held on September 25, 2015.  Prior to the Final Approval Hearing, and more than fourteen (14) days before objections were

due, the parties filed their memorandum in support of the final approval of class action settlement, along with petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for E-Z Rent A Car, Inc., ("EZRAC" or "Defendant"), having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and for good cause appearing:

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement and injunctive relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4.      There were no objections to the Settlement. Three individuals timely opted out of and are not bound by the settlement— Difei Chuang, Jonas Mislin, and Emily Wurtz.

5.      The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> **All persons within the United States who rented from E-Z Rent A Car, Inc. ("EZRAC") during the relevant class period, May 1, 2012 through May 31, 2014, and who received a closed rental agreement at the termination of the vehicle rental that contained the expiration date of the credit card used to purchase the rental.**

The Court has been informed that there were approximately 150,479 rental transactions associated with the Settlement Class.

7.      The Court previously found that the plan for Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances in that Class Members were provided with notice by first class mail or electronic mail.  The notice contained due and sufficient notice to the Settlement Class of the pendency of the Action, terms of the Settlement Agreement, and details regarding the Final Approval Hearing.  It also satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law, and was provided in both English and Spanish.  The Court now finds that execution and dissemination of the Notice was performed in accordance with the Court's order, and reached the maximum number of Class members possible under the circumstances.

8.     The Settlement Agreement is, in all respects, fundamentally fair, reasonable and adequate, in the best interests of the Settlement Class, and is therefore approved. In support of this finding, the Court notes that there were no objections to the settlement.

9.     For settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon occurrence of the effective date, the Court finds that the Class meets all the applicable requirements of Federal Rule of Civil Procedure ["Rule"] 23(a) and (b)(3). Specifically, the Court finds as follows:

   a. **Numerosity**:  The Class, which is ascertainable, consists of millions of members located throughout the United States and satisfies the numerosity requirement of Rule 23(a)(1).  Joinder of all Class members would certainly be impracticable.

   b. **Commonality**:  There are multiple questions of law and fact common to the Class with regard to the alleged activities of Defendant.  These issues surpass the hurdle of Rule 23(a)(2).

   c. **Typicality**:  The claims of the Class representative are typical of the claims of the Class members he seeks to represent for purposes of Settlement under Rule 23(a)(3).

   d. **Adequacy**: The Court recognizes the contribution and experience of class counsel, Scott D. Owens, P.A. and The Law Offices of Kira M. Rubel. The Court also finds that the Plaintiff, Christopher Legg, has no interests antagonistic to the Class and has represented his fellow Class members adequately. Plaintiff and his counsel have also prosecuted this matter vigorously on behalf of the Class members.  Accordingly, he Court finds that

    the requirement of adequate representation has been met under Rule 23(a)(4).

  e. **Predominance of Common Issues**: The questions of law and fact common to the Class members predominate over any questions affecting any individual Class member.

  f. **Superiority**: The class action mechanism provides a superior vehicle for adjudication of many claims, as in this matter, where the claims of the individual Class members is small and the interest in pursuing one's own case is minimal.

10. In making these findings with respect to certifying the Class, the Court has exercised its broad discretion.

11. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

12. As set forth in the Settlement Agreement, each Class member will receive his or her reward upon inputting the unique code provided to him or her in the notice, into his or her online E-Z Rent A Car account. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged EZRAC from the Released Claims as set forth in Paragraph IV(B) of the Settlement Agreement.

13. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting,

maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

14. The Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against EZRAC of any fault, wrongdoing, or liability on the part of EZRAC.

15. The Court further finds that the Parties, vis-à-vis the Settlement Class Administrator, provided sufficient notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. No comments or objections were filed by any state or federal official.

16. The Court hereby grants Class Counsel's request for an award of reasonable Attorney's Fees and Costs in the amount of $475,000.00. The Court further grants Class Counsel's application for an Incentive Award for Christopher Legg in the amount of $5,000.00 for his service to the Class. These amounts are to be paid within 30 days of entry of this Order.

17. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the

Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

**DONE AND ORDERED** in Orlando, Florida on September 25, 2015.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties